UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSHUA D. LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00365-JMS-MKK |
| | ) | |
| DAVID LEITZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION
AND PLAINTIFF'S MOTION TO RECONSIDER**

This prisoner civil rights lawsuit involves numerous allegations of excessive force, deliberate indifference, and retaliation against medical and correctional defendants. This matter is before the court on Plaintiff Joshua Love's motion for preliminary injunction. Dkt. For the following reasons, the motion, dkt. [3] is **denied.** Mr. Love's motion to reconsider the screening order, dkt. [40] is **denied as untimely.**

I.  **Mr. Love's motion for preliminary injunction**

Mr. Love filed a motion for preliminary injunction on July 19, 2024, along with the complaint that initiated this lawsuit. Dkts. 1, 3. On October 30, 2024, the Court screened Mr. Love's complaint, and ordered Defendants to respond to Mr. Love's motion for preliminary injunction. Dkt. 23. Defendants responded to Mr. Love's motion for preliminary injunction. Dkts. 35, 38.

Mr. Love has not filed a reply in support of his motion for preliminary injunction, and the time to do so has passed. *See* dkt.

Mr. Love's motion for preliminary injunction is unclear as to the relief it seeks, other than "an order compelling defendants to immediately stop any and all acts of retaliation." *See* dkt. 3 at 3. He also seeks a transfer to another facility to prevent future harm. *Id.* Mr. Love generally

1

discusses continued retaliation and deliberate indifference but does not include facts as to what actions Defendants took that constitute retaliation or deliberate indifference. *Id.* at 1. Mr. Love describes "constant retaliation" and injury courtesy of David Leitz, but again is vague as to what that retaliation or injury consists of. *Id.* Mr. Love generally mentions that IDOC staff is ignoring his grievances, which resulted in physical and mental damage. *Id.* at 1-2.

## II.     Relevant facts

Mr. Love is an inmate incarcerated at Wabash Valley Correctional Facility ("WVCF"). His complaint arises out of incidents that occurred in the Secured Confinement Unit ("SCU"). Dkt. 1. Mr. Love has since transferred to general population and currently resides in the F Housing Unit ("FHU"). Dkt. 38-7 at 1, dkt. 38-1 at 1 ¶ 3. Throughout 2024, Mr. Love has continued to have access to and use the offender grievance process. Dkt. 38-5. He has submitted at least twenty-seven accepted grievances between April 2024 and the end of the year. *Id.* at 3-4. Further, he has continued to access medical care at WVCF. Dkt. 38-1 at 2 ¶ 13. Between March 2024 and the end of the year, Mr. Love has submitted numerous health care request forms, which were received by medical staff and indicate that Mr. Love was regularly seen for various treatments and that further appointments were scheduled. *See* dkt. 38-6, dkt. 38-6 at 151-152.

Defendant Nurse Emily Enriquez[1] is not responsible for handling general prisoner complaints. Dkt. 35 ¶ 4. She is likewise not involved in the transfer of inmates to and from facilities. *Id.* ¶ 6. Nurse Enriquez's interactions with Mr. Love are exclusively limited to her duties as a nurse. *Id.* ¶ 7.

---

[1] While Defendant Enriquez did file a response to Mr. Love's motion for preliminary injunction, her response is not supported by any evidentiary material. Her response in opposition cites to no affidavit or sworn testimony, nor does it rely on any legal authority. The Court cites to the correctional defendants' materials in opposition to the motion.

Defendants Leitz, Fleetwood, and Riordan are no longer employed by IDOC. Dkt. 38-1 at 2 ¶¶ 6-8. Defendants Leffler and Adams are correctional staff members with IDOC who are assigned to the SCU. Dkt. 38-1 at 1 ¶ 4. Defendants Simmerman and Edwards are correctional staff members who are assigned to the SCU on most of their working days. Dkt. 38-3 at 1, ¶ 3, dkt. 38-4 at 1, ¶ 3. Defendants Simmerman and Edwards can be assigned to other housing units as needed, but neither are regularly assigned to FHU. Dkt. 38-3 at 1, ¶¶ 4-5, dkt. 38-4 at 1, ¶¶ 4-5. Accordingly, they do not have regular interaction with Plaintiff. *Id.*

Defendant Passmore is no longer employed as the Grievance Specialist, dkt. 38-2 at 1 ¶ 5; she is now a Correctional Caseworker within E Housing Unit ("EHU") at WVCF. Dkt. 38-2 at 1, ¶ 3. Defendant Ellis is the Program Director 2 at WVCF. Dkt. 38-1 at 1 ¶ 2. Defendant Ellis reviewed and responded to Mr. Love's grievance appeals regarding Defendant Leitz mishandling Mr. Love's food trays by reviewing relevant video footage which did not show any mishandling of food. Dkt. 38-1 at 2 ¶ 12.

### III. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-

reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up)

### IV. Discussion

For the reasons explained below, Mr. Love has not established the three threshold requirements necessary for preliminary injunctive relief. Mr. Love's motion for preliminary injunction lacks any factual basis or evidence to support his argument.

### A. Likelihood of Success on the Merits

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). "A 'strong' showing ... does not mean proof by a preponderance .... But it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.*

Mr. Love argues that there is a reasonable likelihood that he will prevail on the merits. Dkt. 3 at 1. In support, Mr. Love states "for more than (8) eight weeks defendants have shown failure to stop retaliation, retaliation that lead up to and resulted in injury." *Id.* (errors in original). Mr. Love states that "Defendants have acted with deliberate indifference to substantial risk of physical harm, in violation of Plaintiff's rights under the Eight Amendment and First Amendment." *Id.* Correctional Defendants argue that Mr. Love has not presented any evidence to show a likelihood of success on the merits. The Court agrees. Mr. Love motion does not provide any specifics as to which Defendants and what acts of retaliation for which he is concerned. Further, Mr. Love has not demonstrated how he proposes to prove the key elements of his case. Thus, Mr. Love has not shown a likelihood of success on the merits.

### B. Irreparable Harm

Irreparable harm is "harm that 'cannot be repaired' and for which money compensation is inadequate." *Orr*, 953 F.3d at 502 (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997)). The plaintiff must show "that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief." *Id.* (cleaned up).

Mr. Love argues that there is a substantial threat of irreparable harm if the injunction is not granted. Specifically, Mr. Love describes "constant retaliation" and injury from Correctional Officer David Leitz, but again is vague as to what that retaliation or injury consists of. *Id.* Mr. Love generally mentions that IDOC staff is ignoring his grievances, which resulted in physical and mental damage. *Id.* at 1-2.

Correctional Defendants argue that Mr. Love will not be irreparably harmed because he is no longer housed within the SCU. Dkt. 38 at 7. Rather, he now resides in the F Housing Unit. *Id.* Defendants also argue that the majority of Mr. Love's preliminary injunction is based on fear of further retaliation from Defendant David Leitz, but he is no longer employed by IDOC. *Id.* As it relates to Mr. Love's allegations regarding ignored grievances and appeals, Defendants argue that Defendant Ellis is the only defendant involved in the grievance process, as Defendant Passmore is no longer the Grievance Specialist. *Id.* at 7-8. Defendants argue that Mr. Love made no allegations regarding Defendant Ellis or how he has ignored or will ignore his grievances or appeals. *Id.* at 8. Finally, Defendants argue that Mr. Love has had continued access to medical treatment, and has submitted several healthcare request forms, been seen by facility medical staff, and has been scheduled for appointments. *Id.*

The Court agrees. Mr. Love's location history illustrates that he is out of the SCU and now in general population in the F Housing unit. Dkt. 38-7 at 1, dkt. 38-1 at 1 ¶ 3. Further, Defendant

5

Leitz is no longer employed by IDOC so there is no risk of future retaliation from him. Dkt. 38-1 at 2 ¶¶ 6-8. Finally, Mr. Love's grievance records and medical history both show that he has had continued access to both between April 2024 and December 2024. Dkt. 38-5; Dkt. 3-4 (showing Mr. Love has submitted at least twenty-seven accepted grievances between April 2024 and the end of the year); *See* dkt. 38-1 at 2 ¶ 13. dkt. 38-6, dkt. 38-6 at 151-152 (illustrating Mr. Love has submitted numerous health care request forms, which were received by medical staff and indicate that Mr. Love was regularly seen for various treatments and that further appointments were scheduled).

Accordingly, Mr. Love has not met his burden as to irreparable harm.

### C. Inadequate Legal Remedies

"The moving party must also demonstrate that he has no adequate remedy at law should the preliminary injunction not issue." *Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1046 (7th Cir. 2017). "This does not require that he demonstrate that the remedy be wholly ineffectual." *Id.* (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, he must demonstrate that any award would be seriously deficient as compared to the harm suffered." *Id.* (quoting *Foodcomm*, 328 F.3d at 304).

Mr. Love argues that any remedy at law would be inadequate and would allow retaliatory acts to continue. Dkt. 3 at 2. Specifically, Mr. Love argues that the continued treat of additional injury to him outweighs any harm the proposed injunction may cause defendants. *Id.* Mr. Love seeks "an order compelling defendants to immediately stop any and all acts of retaliation" and a transfer to another facility to prevent future harm. *Id.* at 3.

Neither correctional nor medical defendants argue against Mr. Love on the issue of inadequate legal remedies. Regardless, the Court finds that injunctive relief is not required here,

as Mr. Love is free from any sort of future retaliation from Defendant Leitz because he is no longer employed by IDOC. Dkt. 38-1 at 2 ¶¶ 6-8. Accordingly, there is no reason a transfer would be necessary here, given the focus of Mr. Love's preliminary injunction was regarding Mr. Leitz and his retaliatory acts. *See* dkt. 3. To the extent that Mr. Love generally alleges retaliation on behalf of defendants, he has not met his burden of showing who was involved such that injunctive relief should issue.

Mr. Love has not met his initial burden of demonstrating the three threshold requirements necessary for preliminary injunctive relief, and while this ends the Court's consideration of the present motion, Mr. Love is notified that if he renews his motion, any future request for preliminary injunctive relief must comply with the Prison Litigation Reform Act ("PLRA"). The PLRA provides: "Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). "This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: '[P]rison officials have broad administrative and discretionary authority over the institutions they manage.'" *Westerfer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (quoting *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).; *see also Rasho v. Jeffreys*, 22 F.4th 703, 713 (7th Cir. Jan. 12, 2022) (reversing district court's order imposing permanent injunction because mandating that prison hire a minimum number of mental health professionals "impermissibly strips [prison] officials of the flexibility necessary to adopt and implement policies that balance prison resources, safety concerns, and inmate health."). Accordingly, any future motion for preliminary injunction must be narrowly drawn to correct the harm alleged.

### V. Motion to reconsider screening order

On October 30, 2024, the Court screened Mr. Love's complaint. Dkt. 23. In that screening order, the Court indicated that if Mr. Love believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have through November 30, 2024, in which to file a motion to reconsider the screening order. *Id.* at 7.

On December 4, 2024, after the deadline to file a motion to reconsider passed, Mr. Love moved for an extension of time. Dkt. 31. The Court granted Mr. Love up to and including January 13, 2025, to file a motion to reconsider the screening order. Dkt. 33. On January 15, 2025—after the deadline to do so had passed—Mr. Love filed a motion to reconsider the screening order. Because Mr. Love moved for an extension of time but still failed to file a motion to reconsider by January 13, 2025, his motion to reconsider, dkt. [40] is **denied as untimely.**

### VI. Conclusion

Mr. Love has not met his burden in pursuing his motion for preliminary injunction. the motion, dkt. [3] is **denied.** Mr. Love's motion to reconsider the screening order, dkt. [40] is **denied as untimely.**

**IT IS SO ORDERED.**

Date: 2/19/2025

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSHUA D. LOVE
121292
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All Electronically Registered Counsel